J. Owen Murrin (SBN 75329)
Murrin Law Firm
7040 E. Los Santos Drive
Long Beach, California 90815
Phone:  562-342-3011
Fax:  562-724-7007
E-mail: jmurrin@murrinlawfirm.com
Attorneys for Plaintiff ALEX PAYAN

UNITED STATES DISTRICT COURT FOR

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| ALEX PAYAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES; <br> FEDERAL BUREAU OF PRISONS; <br> U.S. DEPARTMENT OF JUSTICE; <br> LOMPOC FEDERAL <br> CORRECTIONAL INSTITUTION; <br> CORRECTIONAL OFFICER BLAIR; <br> FEDERAL PRISON INDUSTRIES, <br> INC., dba UNICOR; <br> DOES 1 - 10, INCLUSIVE, <br><br> Defendants. | **Case No.: 8:20-cv-02237** <br><br> **COMPLAINT FOR DAMAGES FOR:** <br> **(1)   NEGLIGENCE;** <br> **(2)   STRICT LIABILITY** |

Plaintiff ALEX PAYAN ("PAYAN") alleges as follows:

**<u>PARTIES</u>**

1.    At all times herein mentioned, Plaintiff PAYAN is and has been, except for his time of incarceration, an individual residing in the City of Santa Ana, County of Orange,

1

State of California.

2.    Defendant UNITED STATES has the highest level of responsibility and is the entity entirely liable for this injury by law.

3.    Defendant FEDERAL BUREAU OF PRISONS ("BOP") is a United States federal law enforcement agency under the Department of Justice responsible for the care, custody, and control of incarcerated individuals.  It is operated by a Western Regional Office located in Stockton, California, and is a subdivision of the UNITED STATES.

4.    Defendant U.S. DEPARTMENT OF JUSTICE ("DOJ") is a U.S. Government agency, headquartered in Washington, DC, and a subdivision of the UNITED STATES.

5.    Defendant LOMPOC FEDERAL CORRECTIONAL INSTITUTION ("LOMPOC") is a correctional institution located in Lompoc, California, and created by the UNITED STATES.

6.    Plaintiff is informed and believes, and based thereon alleges, that at all times herein Defendant CORRECTIONAL OFFICER BLAIR ("OFFICER BLAIR") resides in the County of Santa Barbara, State of California, and was employed at LOMPOC as a correctional officer, and was the correctional officer on duty at the time of the incident alleged herein.

7.    Plaintiff is informed and believes, and based thereon alleges, that Defendant FEDERAL PRISON INDUSTRIES, INC., doing business as UNICOR ("FPI") is a wholly owned United States government corporation created as a prison labor program for inmates within the Federal Bureau of Prisons, and a component of the Department of

2

COMPLAINT FOR DAMAGES

Justice. It is headquartered in Washington, D.C. and is delegated to make payments for industrial accidents of the sort involved herein and referenced in 18 U.S.C. § 4126.

8.     The true names and/or capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will amend this complaint to show their true names and/or capacities when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as a fictitiously named Defendant is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortiously, and caused damages to the Plaintiff as herein alleged.

9.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each Defendant was the duly authorized agent, employee, joint venturer and/or partner of each of the remaining Defendants and, at all times relevant herein, acted in the course and scope of such relationship.

### **<u>JURISDICTION</u>**

10.  Compensation for injuries in penal institutions is a Federal right provided by the <u>Federal Courts Claim Act</u>, including but not limited to 28 U.S.C. §§ 1346, 2671, et seq.  In addition, it appears that funding is pursuant to a Federal statute known as 18 U.S.C. § 4126.

COMPLAINT FOR DAMAGES

# FACTS

11.  On or about September 6, 2019, at approximately 9:47 A.M., Plaintiff was working in the prison work program doing maintenance as part of a work detail. Plaintiff was at the time of injury following the orders of OFFICER BLAIR, who ordered him to stand on a ladder and climb into a higher compartment or attic.  He did that.  Plaintiff found himself in a dangerous and unstable ceiling area.  The compartment/ceiling floor gave way, causing Plaintiff to fall a substantial distance.  He fell on his back, head, and neck.  Plaintiff suffered a concussion, head, and back injuries in addition to other injuries to his body.

12.  Plaintiff made a claim to the both the DOJ and the BOP for compensation for his injuries.

13.  Plaintiff received a responsive letter in the form of an agency denial giving him six (6) months to file this case, which he now does by this Complaint.  A true and correct copy of this letter is attached hereto as Exhibit "A".

# FIRST CAUSE OF ACTION

## (For Negligence Against All Defendants)

14.  Plaintiff hereby incorporates by reference paragraphs 1 through 13, above, as though fully set forth herein.

15.  At all times herein, Defendant OFFICER BLAIR, an employee of the UNITED STATES, or other such employed persons, were remiss and negligent in allowing, ordering, and/or not prohibiting Plaintiff from climbing to a high, dangerous place in the

4

ceiling area without precautions and/or spotters. Further, OFFICER BLAIR and other Federal employees were remiss and negligent in not knowing or not checking out this area before sending Plaintiff up there. Also, OFFICER BLAIR or other Federal employees failed to provide the proper equipment and/or direction to Plaintiff before sending him up there and therefore, having him put into a dangerous position, without spotters or advanced information about the safety of the ceiling or compartment above mentioned. Had OFFICER BLAIR taken the precautions and performed proper supervision to check out the safety and provided proper equipment and spotters and other assistance to Plaintiff, this incident would not have happened and Plaintiff would not have been hurt. Defendants employees or agents acted below the standard of care in allowing, ordering, or not prohibiting Plaintiff from going up to the unsafe attic. Again, Defendants' employees and agents were negligent for not having the proper equipment and knowledge of how dangerous this location was. Also, the employees were not qualified to supervise Plaintiff for this function or failed to entrust Plaintiff to the care of qualified staff. They, in essence, were further negligent in harboring a dangerous defect on the property and negligent in sending Plaintiff up there.

16. The above injury was foreseeable. Defendants caused Plaintiff to climb up into a dangerous area, into a compartment ceiling and floor that was not safe. This was the direct cause of Plaintiff's injuries.

17. By reason of the above-mentioned conduct of Defendants, and each of them, Plaintiff has been injured in his body and mind, including suffering head and back

COMPLAINT FOR DAMAGES

injuries, for which he seeks reimbursement.

18. The above-mentioned injuries are the proximate cause of the damages Plaintiff has suffered and continues to suffer.

19. By reason of the above-mentioned conduct of Defendants, and each of them, Plaintiff has had to incur hospital expenses for his pain and suffering, for which he seeks reimbursement, past, present, and future.

20. By reason of the above-mentioned conduct of Defendants, and each of them, Plaintiff has been affected in his earning capacity, past, present, and future, for which he seeks reimbursement.

21. By reason of the above-mentioned conduct of Defendants, and each of them, which involved physical injuries, Plaintiff is suffering pain, suffering and mental anguish for which he seeks reimbursement.

22. Plaintiff seeks reimbursement for all injuries associated with the above.

## SECOND CAUSE OF ACTION

### (For Strict Liability Against All Defendants)

23. Plaintiff hereby incorporates by reference paragraphs 1 through 22, above, as though fully set forth herein.

24. By reason of the fact that Plaintiff was involved in performing work duty on behalf of Defendants, and each of them, and was injured during the course and scope of this work duty and/or because he was acting as an agent for all Defendants when he was injured, any one of said Defendants are strictly liable for the injuries suffered by Plaintiff.

COMPLAINT FOR DAMAGES

25.  Plaintiff seeks compensation for all injuries that he has suffered by reason of the above, including his head, neck and back injuries; pain, suffering and mental anguish; and medical expense reimbursement, now and in the future; and wage loss and loss of earning capacity, now and in the future.

26.  Plaintiff seeks all damages available by law.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.  General damages of $2,000,000;

2.  Special damages for x-rays, medical, and sundry expenses, according to proof at trial;

3.  All loss of earnings and diminishment of earning capacity, according to proof at trial;

4.  Interest on the above sums at the maximum legal rate;

5.  For attorneys' fees and costs of suit incurred herein; and

6.  For such other and further relief as the Court deems just and proper.

Dated:  November 25, 2020                    MURRIN LAW FIRM

_____
J. Owen Murrin
Attorney for Plaintiff ALEX PAYAN

7

COMPLAINT FOR DAMAGES

**EXHIBIT "A"**

**U.S. Department of Justice**

**Federal Bureau of Prisons**

Western Regional Office
7338 Shoreline Drive
Stockton, California 95219

VIA CERTIFIED MAIL

Alex Payan
Reg. No. 66883-112
1325 S. Standard # D
Santa Ana, CA 92707

RE:     Administrative Claim No. TRT-WXR-2020-04928

Dear Mr. Payan:

This is in response to the administrative claim submitted to this office under the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671, et seq.   You seek $1,000,000.00 in compensation for alleged personal injury as a result of events occurring from the Federal Correctional Institution, Lompoc California, on September 6, 2019.

Upon review of the administrative claim, it appears your sole means of redress for a work-related injury is through the Inmate Accident Compensation System. Inmate Accident Compensation System as authorized by 18 U.S.C.§ 4126, reimburses inmates who are injured in accidents in the institution while they are performing work duties as long as there is a resulting physical impairment existing at the time of their release from incarceration.

Accordingly, your claim is denied. If you are not satisfied with this determination, you are afforded six months from the date of this mailing of this letter via certified mail within which to bring suit in the appropriate United States Court.

Sincerely,

DENNIS M. WONG
WESTERN REGIONAL COUNSEL

Dominic Ayotte
Deputy Regional Counsel/CLC Supervisor

DA/sg

8

COMPLAINT FOR DAMAGES